The sale was a conditional one, so that no title to the safe could vest in Brooks Hopkins, until they paid the note given for the price. (Strong v. Taylor, 2 Hill, 326; Herring v.Willard, 2 Sandf. S.C.R., 418 Dresser Man. Co. v.Waterson, 3 Metc., 9.) If the question had never been decided, it might, perhaps, be more in accordance with the analogies of the law to regard the writing given on the sale as a mere security for the debt, in the nature of a personal mortgage. It is impossible, however, to distinguish the case from those cited, and we ought not to disturb the rule which has been established. The result is, that the sheriff's levy and sale, under execution against Brooks Hopkins, were a trespass.
It seems that the execution in favor of the defendant was satisfied by a sale of other goods before the safe was sold. The sheriff had levied two attachments; one in favor of the defendant, and the other in favor of one Jackson. When the executions were issued, and before sale, the defendant indemnified as principal in the one case, and as surety in the other. Although the safe was not sold until other goods had been sold, enough to satisfy the defendant's execution, I think he had made himself liable for the wrongful levy by giving an indemnity as principal. This was a distinct approval of what the sheriff had done, and amounted to a request to go on and sell. Under such circumstances, his liability cannot depend on the accident of his execution being satisfied by a sale of other property first, in the order of time. He had adopted the levy on the safe, and directed a sale. This was enough to render him liable. In regard to the other execution, the defendant was an indemnitor as surety for Jackson, the plaintiff therein, and on that execution the safe was actually sold. On this ground also, I am of opinion that the defendant was liable. It is difficult if not impossible to maintain a distinction between the principal and the surety in such a bond. All the parties, without regard to their *Page 415 
relation to each other, are, in judgment of law, aiding, abetting and requesting the sale.
The judgment should be affirmed.
BROWN, J., did not hear the argument; all the other judges concurring,
Judgment affirmed.